UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FUNDEX CAPITAL )<br>CORPORATION )<br>)<br>Defendant. )<br>)<br>_____ ) | 09 CIV 9222<br><br>Civil Action No.<br><br>JUDGE SEIBEL |

COMPLAINT

COMES NOW, plaintiff, United States of America, on behalf of its Agency, the Small Business Administration, and for its cause of action states as follows:

PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the Small Business Administration (hereinafter, "SBA" or "Agency"), whose central office is located at 409 3rd Street, S.W., Washington, D.C. 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended, (hereinafter "Act"), Sections 308(d), 311 and 316, 15 U.S.C. §§ 687(d), 687, 687c and 687(h); the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. The defendant, Fundex Capital Corporation ("Fundex" or "licensee") is a corporation whose principal place of business is located at 50 Main Street, White Plains, New York. Venue is therefore proper under 15 U.S.C. §§ 687(d) and 687h and 28 U.S.C. §1391(b).

4. The plaintiff, the Small Business Administration (hereinafter "SBA") is an Agency of the United States of America with its central office located at 409 Third Street, S.W., Washington, D.C., 20416.

## STATEMENT OF FACTS AND APPLICABLE LAW

5. Defendant, Fundex, was licensed by SBA as a small business investment company ("SBIC"), SBA License No. 02/02-0340 under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the aforesaid Act and the regulations promulgated thereunder.

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), authorizes SBA to prescribe regulations to govern the operations of SBICs under the Act and to carry out the provisions of the Act. The SBA has duly promulgated regulations implementing the Act which are codified at Title 13 of the Code of Federal Regulations, Part 107 (2009) (hereinafter "Regulations").

7. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

8. Section 311 of the Act 15 U.S.C. § 687c, provides that whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for any injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such

Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

9. Because of numerous violations of the Regulations by the Licensee, by letter dated May 7, 2009, SBA accelerated Licensee's indebtedness to SBA.

10. SBA and Licensee agreed to enter into a Letter Agreement effective June 3, 2009. The Agreement provided that Licensee would repay all of its outstanding debenture obligation, $10,750,000 plus interest through the semi-annual due date ('the Indebtedness") to SBA no later than September 1, 2009. As part of the agreement, Fundex signed a Stipulated Settlement and Consent to Receivership to be filed in the event Fundex failed to pay SBA in full by September 1, 2009. A copy of the Letter Agreement and Stipulated Settlement and Consent to Receivership are attached hereto as Exhibit 1 and incorporated herein by reference.

11. As of October 22, 2009, the Licensee has failed to repay all of its indebtedness to SBA. To date the Licensee has paid only $2,583,087.35 (Payment applied first to interest).

12. The Stipulated Settlement provides that findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure are waived. The Stipulated Settlement also provides that the Defendant waives any right it may have to contest the validity of the Consent Order and Judgment and that the Order may be presented by plaintiff to the Court for signature and entry notice, however, the United States will provide notice of entry to Defendant. The Consent Order and Judgment provides in part, that pursuant to the "provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Fundex and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Fundex..." The Order also provides

for the entry of judgment against Fundex. The Consent Order and Judgment has been signed by Lawrence Linksman, President of Fundex. Fundex remains subject to SBA's regulations.

13. The Letter Agreement provides that the Stipulated Settlement and Consent to Receivership are to be filed by SBA in the event that Fundex fails to pay SBA in full by September 1, 2009. Fundex has failed to pay SBA in full by September 1, 2009. The Stipulated Settlement provides that the Consent Order for Receivership and Judgement may be presented to the Court for signature and entry without further notice and that the United States will provide notice of entry to the Defendant. As a result of a Fundex's failure to pay SBA in full SBA may, in its sole discretion, enforce the previously signed Consent to Receivership and apply to the U.S. District Court for the appointment of SBA as Receiver and for a money judgment.

## COUNT ONE
### Default of a Letter Agreement

14. Paragraphs 1 through 13, above, are hereby incorporated by reference as though set forth in their entirety herein.

15. As described above, Fundex has violated SBA's regulations. As a result, SBA had accelerated Fundex's indebtedness to SBA. SBA and Fundex entered into a Letter Agreement to allow Fundex until September 1, 2009 to pay SBA in full.

16. Fundex failed to pay SBA in full by September 1, 2009. Fundex has only paid $2,583,087.35 and still owes SBA $8,264,680 plus interest. The failure to pay entitles SBA to the entry of the Consent Order of Receivership and Judgment and to the appointment of SBA as Receiver of Fundex.

## COUNT TWO
### Failure to comply with terms of a written agreement

17. Section 107.1810(f)(7) provides that nonperformance of any terms or conditions of any agreement with SBA will constitute an event of default with an opportunity to cure.

18. As described above, Fundex has failed to comply with the terms of the Letter Agreement by failing to pay SBA in full by September 1, 2009. Fundex was informed of the failure to pay and has failed to cure this violation. This default constitutes a violation of this regulation which entitles SBA to the requested and agreed upon relief of the entry of the Consent Order of Receiverhsip and the appointment of SBA as Receiver of Fundex.

## CONCLUSION

WHEREFORE, PLAINTIFF PRAYS:

A. This Court enter the previously signed Consent to Receivership authorizing injunctive relief, both preliminary and permanent in nature, be granted restraining Fundex its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursement of defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion any or all funds or assets of the defendant, wherever located; or, (3) violating the Act and the Regulations promulgated thereunder;

B. That this Court determine and adjudicate Fundex's noncompliance with, and violation of the Act, and Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Fundex, and all its assets, wherever located, appoint the SBA as permanent receiver of Fundex for the purpose of liquidating all of defendant's assets and satisfying the claims of creditors therefrom in the order of priority as

determined by this Court, and pursuing all causes of action available to Fundex against third parties;

D. That this Court direct the entry of an order of judgment against Fundex for the total sum of $8,551,585.46 which consists of the outstanding obligation to SBA as of October 22, 2009, plus interest which continues to accrue at the rate of $1,298.26 per day to the date of entry of judgment and with interest as allowed by law from the date of entry of judgment.

E. That upon the Receiver's request, this Court revoke Fundex's license to operate as an SBIC.

F. That this Court grant such other and further relief as may be deemed just and equitable.

UNITED STATES ATTORNEY'S
OFFICE FOR THE EASTERN
DISTRICT OF NEW YORK

By: _____ (WY-9160)
William Young, S.A.U.S.A.
~~1 Pierrepont Plaza~~ 271 Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6057

UNITED STATES SMALL BUSINESS
ADMINISTRATION


BY: *[signature]*
Arlene P. Messinger
Assistant General Counsel for SBIC
Enforcement
Small Business Administration
409 3rd Street, S.W.
7th Floor
Washington, D.C. 20416
(202) 205-6857

Attorneys for Plaintiff



INVESTMENT DIVISION
OFFICE OF LIQUIDATION
SUITE 6300
U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, DC 20416
202-205-6503

June 3, 2009

Lawrence I. Linksman, President
Fundex Capital Corporation
50 Main St, Suite 1000
White Plains, NY 10606

      Re: Fundex Capital Corp (Fundex) License No. 02/02-0340
         Letter Agreement

Dear Mr. Linksman:

      Thank you for taking the time this morning to meet with us at SBA to discuss Fundex and your proposal to repay SBA Fundex's outstanding debenture obligation.

      As we agreed in the meeting, Fundex will repay all of its outstanding debenture obligation to SBA (consisting of principal of $10,750,000 plus interest through the semi-annual due date of 9/1/09) no later than September 1, 2009. In the interim, Fundex will:

- Cease the payment of all management fees;
- Submit to SBA a weekly cash flow statement which specifies the source of any cash coming into Fundex;
- Sign a Stipulated Settlement and Consent to Receivership to be filed by SBA in the event Fundex fails to pay SBA in full by September 1, 2009
- Obtain prior written approval from SBA if any loans or loan participations are to be sold to Bridge Funding Inc. or any other associate or insider. As agreed, all such sales or dispositions to an associate or insider shall be for a price no less than current fair value (no less than face); and
- Continue to be governed by and observe all SBA's rules and regulations.

EXHIBIT 1

If Fundex agrees to the terms of this Letter Agreement, please sign below and return an original signed copy of this letter, together with signed originals of the Stipulated Settlement and Consent to Receivership, to me at the address shown above. Please send all mail by overnight mail.

SBA reserves all rights and remedies and nothing in this letter shall be construed as a waiver or SBA's rights and remedies.

Thank you for your cooperation in these matters.

Sincerely,

*[signature]*

Gail G. Green
Chief, Account Resolution Branch
Office of SBIC Liquidation

cc:     Office of General Counsel

Read and Agreed:

*[signature]*

Lawrence I. Linksman, President